UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

CLEVON WILLIAMS, )
)
Petitioner, ) Civil Action No. 13-CV-69-HRW
)
v. )
) **MEMORANDUM OPINION**
MICHAEL SEPANEK, WARDEN, ) **AND ORDER**
)
Respondent. )

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

Clevon Williams is an inmate confined in the Prison Camp located on the campus of the Federal Correctional Institution in Ashland, Kentucky. Williams has filed a *pro se* petition for writ of habeas corpus under 28 U. S. C. § 2241, challenging his federal drug conviction and life sentence. Williams has paid the $5.00 filing fee.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)).

The Court evaluates Williams' petition under a more lenient standard because

he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Williams' factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the petition, the Court must deny it because at this time, Williams has not stated grounds entitling him to relief under § 2241.

## BACKGROUND

The Court can not obtain complete information about Williams' criminal conviction because it predated the advent of the federal court system's online PACER database. However, based on the allegations in Williams' § 2241 petition and information from his subsequent court proceedings which can be accessed through PACER, it appears that Williams was convicted in an Indiana federal court of possession with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). *United States v. Williams*, No. 1:06-CR-00106-LJM-KPF (S. D. Ind. 2006) ("the Sentencing Court").[1] On February 9, 2007, the

---

[1] Williams filed a series of motions in the Sentencing Court seeking relief from his sentence pursuant to 28 U.S.C. § 2255. The Sentencing Court addressed the merits of Williams' first § 2255 motion and denied it on January 4, 2008. *Williams v. United States,* No. 1:07-CV-01534-LJM-TAB (S.D. Ind. 2007) [R. 7, therein] Williams then filed three more motions seeking relief under § 2255, all of which the Sentencing Court denied as unauthorized successive § 2255 motions. *Williams v. United States,* No. 1:08-CV-01536-LJM-JMS (S.D. Ind. 2008) [R. 3, therein (12/2/08)]; *Williams*

2

Sentencing Court imposed a 151-month prison sentence on Williams. On December 7, 2011, Williams filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) [R. 4, therein], and on February 13, 2012, the Sentencing Court reduced his sentence to 120 months. [R. 6, therein] Williams appealed, but on December 18, 2013, his 120-month sentence was affirmed. [R. 15, therein]

On May 23, 2013, Williams filed a second motion in the Sentencing Court seeking a reduction of his sentence under 18 U.S.C. § 3582(c)(2). [R. 16, therein] In his second § 3582 motion, Williams asked the Sentencing Court to re-sentence him in accordance with the decision recently rendered by the Sixth Circuit Court of Appeals in *United States v. Cornelius Demorris Blewett*, ___F.3d ___, 2013 WL 2121945 (6th Cir. May 17, 2013). [*Id.*, pp. 2-3, therein]

In *Blewett*, the Sixth Circuit addressed the Fair Sentencing Act of 2010, which lowered the ratio between crack and powder cocaine offenses from 100–to–1 to a more lenient 18–to–1 ratio for sentencing purposes, and thereby reduced sentences for crack cocaine related drug offenses, including the mandatory minimum sentences. *See* 21 U.S.C. § 841(b) (increasing the amount of crack from 50 grams to 280 grams to trigger the 10–year mandatory minimum and from 5 grams to 28 grams to trigger

---

*v. United States,* No. 1:09-CV-00279-LJM-DML (S.D. Ind. 2009) [R. 3, therein (3/6/09)]; and *Williams v. United States,* No. 1:10-CV-01584-LJM-TAB (S.D. Ind. 2010) [R. 3, therein (1/27/11)].

3

the five-year mandatory minimum). The Sixth Circuit held that Congress intended that the sentence reduction provisions of the Fair Sentencing Act should apply retroactively to all defendants, including those sentenced before its passage. *Id.*, at *6. The Sixth Circuit Court specifically rejected the Government's objection that § 3582(c)(2) prohibits the courts from altering a mandatory minimum sentence, stating,

> "[T]he statutory minimums have been reduced and incorporated into the guidelines by the Sentencing Commission. The old, repealed discriminatory minimums are no longer a part 'of the operation of' the sentencing system. They should not be used to foreclose 'lowering the defendant's applicable guideline range.' We should not presume that the Sentencing Commission would point out to Congress the racially discriminatory nature of the old crack guidelines, and request new mandatory minimums around which to rebuild the new retroactive guidelines, and then decide to retain the old crack minimums as the "guideline sentence" under § 5G1.1(b)."

*Id.* at *9 ( citing 18 U.S.C. § 3582(c)(2)).

As of the date of the entry of this Memorandum Opinion and Order, the Sentencing Court has not ruled on Williams' second § 3582(c)(2) motion.

On May 24, 2013, Williams filed the instant § 2241 proceeding in this Court, seeking the same relief that he had requested the day before in the second § 3582(c)(2) motion which he filed in the Sentencing Court, *i.e.*, a new sentence under the lower crack cocaine ratios set forth in the Fair Sentencing Act based on *Blewett.*

4

## DISCUSSION

Williams is not challenging any aspect of the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the purview of Section 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, Williams alleges that the Sentencing court is required to re-calculate and further reduce his 120-month sentence based on *Blewett*. Williams is therefore challenging the validity of his sentence, not issues related to the manner in which his sentence is being executed.

However, § 2241 is not the mechanism for asserting such challenges. Title 28 U.S.C. § 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful conviction. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). A federal prisoner may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." *See* 28 U.S.C. § 2255(e).

There is, however, one exception to this rule: the "savings clause" of § 2255 allows for a § 2241 action if § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447 (quoting *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)); see 28 U.S.C. § 2255(e). "Construing [the savings

clause], courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Terrell*, 564 F.3d at 447 (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam)).

This is an exceedingly narrow exception. The remedy is not "inadequate and ineffective" simply because the prisoner failed to file a prior post-conviction motion under § 2255 or, if he filed a § 2255 motion, was denied relief. *Charles*, 180 F.3d at 756-58. Instead, the Sixth Circuit has held that this exception only applies "when the petitioner makes a claim of actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Charles*, 180 F.3d at 756.

Williams is unable to carry that burden in this case because Congress has prescribed a special remedy for a certain narrow class of collateral challenges, which are based on amendments to the Sentencing Guidelines. The remedy is provided by Title 18 U.S.C. § 3582(c)(2), which provides:

The court may not modify a term of imprisonment once it has been

imposed except that—

. . . .

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The remedy provided by Section 3582(c) is available to a prisoner--such as William--who believes that his sentence should be reduced because a post-sentencing amendment has affected the Guideline range for his sentence. *See, United States v. Byers*, 561 F.3d 825, 829 (8th Cir. 2009) ("'A sentencing court has discretionary authority, under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B 1. 10, to reduce the term of imprisonment for a defendant...who was sentenced based on a guideline range subsequently lowered by the Sentencing Commission.'") (quoting *United States v. Whiting*, 522 F.3d 845, 852 (8th Cir. 2008)).

As noted, Williams challenges the legal validity of his current 120-month sentence. Williams does not contend that the Bureau of Prisons, or anyone else, has misconstrued his sentence, has wrongly extended his sentence, or has otherwise erred in the enforcement or execution of his sentence. Instead, Williams contends that based on the recent *Blewett* decision, his sentence is no longer legally valid and

7

should be substantially reduced.

However, numerous courts, including this one, have consistently held that challenges based on subsequent changes to the federal sentencing guidelines cannot be raised by way of a § 2241 petition, but should be brought by filing a motion in the sentencing court pursuant to § 3582(c). *See*, *Ono v. Pontesso*, 1998 WL 757068 at *1 (9th Cir., October 26, 1998) (court lacked jurisdiction over § 2241 petition, seeking reduced sentence based on Guidelines amendment, as "[s]uch a request is most appropriately brought as a motion under 18 U.S.C. § 3582"); *Jackson v. Wilson*, No. 10-CV-39-GFVT, 2010 WL 1038070, at *2 (E. D. Ky. Mar. 17, 2010) (instructing the § 2241 petitioner to pursue his request for a reduced sentence by filing a § 3582(c)(2) motion in the trial court); *Smith v. Fondren*, No. 09–CV–0764 (PJS/RLE), 2009 WL 2171109 (D. Minn. July 20, 2009) (dismissing § 2241 petition and instructing prisoner to pursue sentence reduction request in the court where he was sentenced); *Anderson v. United States, No.* 1:07-CV-942, 2008 WL 1836673 at *1–2(E.D. Tex., April 23, 2008) (dismissing § 2241 petition seeking relief based on amendment to the sentencing guidelines because those claims should have been raised in a § 3582(c) motion in the trial court); *Thomas v. Hulick*, Civil No. 08-CV-129-MJR, 2008 WL 4371300 at *3 (S.D. Ill., September 19, 2008) (same); *White v. Sherrod*, No. 07-CV-882-DRH, 2008 WL 2626565 at *2 (S.D. Ill., June 26, 2008) (same); *Cloman*

8

*v. O'Brien*, No. 7:08-CV-00329, 2008 WL 2345001 at *1 (W.D. Va., June 6, 2008) (same).

As discussed, Williams has in fact already filed a second § 3582(c)(2) motion in the Sentencing Court, arguing that his sentence should be recalculated and reduced based on *Blewett*. The Sentencing Court should be given a full opportunity to address Williams' request for a new and reduced sentence under § 3582(c)(2) and *Blewett*. If Williams is successful in his second § 3582(c)(2) motion currently pending in the Sentencing Court, he need go no further. If Williams is unsuccessful with his motion in the Sentencing Court, he can appeal any adverse decision to the Seventh Circuit Court of Appeals. Because Williams' second § 3582(c)(2) motion is currently pending in the Sentencing Court, and because that second § 3582 motion raises the same *Blewett* claim asserted in this proceeding, Williams' § 2241 petition will be denied for lack of jurisdiction and this proceeding will be dismissed.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

1. Clevon Williams' 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, [D. E. No 1] is **DENIED WITHOUT PREJUDICE**;

2. This action shall be **DISMISSED** and **STRICKEN** from the Court's active docket; and

9

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, Warden Michael Sepanek.

This July 8, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge